**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVE COTTON, ) | | |
| on behalf of plaintiff and the class defined ) | | |
| below, ) | | |
| ) | | |
| Plaintiff, ) | 10-cv-4709 | |
| ) | | |
| vs. ) | Magistrate Judge Valdez | |
| ) | | |
| NATIONAL ACTION FINANCIAL ) | | |
| SERVICES, INC., ) | | |
| ) | | |
| Defendant. ) | | |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF CLASS MEMBER FILES**

Plaintiff Cleve Cotton respectfully asks the Court to enter an order compelling Defendant National Action Financial Services, Inc. ("NAFS") to produce files of putative class members.

In support of this motion, Plaintiff states as follows:

1. Plaintiff claims that NAFS violated the Telephone Consumer Protection Act when, without his consent, it called his cell phone on multiple occasions using automated telephone equipment.

2. Plaintiff seeks to represent a class defined as follows:

(a) all persons with cellular telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated

calls to their cellular telephones from defendant (d) trying to collect a Capital One debt (e) where defendant's records do not show that the person provided the cellular telephone number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

3. Plaintiff served Defendant National Action Financial Services, Inc. with initial written discovery requests on February 28, 2011. Plaintiff's counsel agreed to two extensions of time requested by NAFS to answer the requests and so received the answers on May 17, 2011.

4. Plaintiff's Document Request 11 asked for the production of documents identifying class members:

> All documents that identify (a) all persons with cellular telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls to their cellular telephones from defendant (d) trying to collect a Capital One debt (e) where defendant's records do not show that the person provided the cellular telephone number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

5. NAFS responded to Document Request 11 as follows:

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vage ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

(Exhibit A, pp. 4-5.)

6. On June 9, 2011, and again on August 9, 2011, Mr. Greene and NAFS's

counsel, Jeffrey Pilgrim, conferred by telephone pursuant to Rule 37. During those conferences, Mr. Pilgrim objected to Plaintiff's class definition and expressed reluctance to disclose the number of class members because, *inter alia*, he a) did not want to concede that NAFS in fact uses automated telephone equipment as defined in the TCPA, and (b) was unable to state, based on NAFS's records, how many persons in the relevant area codes whose cell phones NAFS had called during the class period did not actually actually consent to receipt of those calls.

7. On August 24, 2011, Mr. Greene sent Mr. Pilgrim the letter attached as Exhibit B. In the letter, Mr. Greene requested production of the records of putative class members so that Plaintiff's counsel could review the records and determine how many records did not evidence a putative class member's consent to receive calls from NAFS on his or her cell phone.

8. Pursuant to Rule 37, on August 29, 2011, Mr. Greene and Mr. Pilgrim conferred by telephone. During that telephone conversation, Mr. Pilgrim notified Mr. Greene that NAFS would not produce the records of putative class members and that NAFS was intending to move to compel arbitration.

9. Although Plaintiff has not seen NAFS's motion to compel, Plaintiff does not believe that this case should be stayed and arbitration compelled.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully asks the Court to enter an order compelling NAFS to produce files of putative class members to Plaintiff.

    Respectfully submitted,

    s/Francis R. Greene
    Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Francis R. Greene, hereby certify that on August 30, 2011, I caused to be filed the foregoing documents with the Clerk of the Court using the CM/ECF System which will cause to be sent notification of such filing via electronic mail to the following parties:

Jeffrey Pilgrim
jpilgrim@gradypilgrim.com

Anna-Katrina S. Christakis
kchristakis@gradypilgrim.com

Danielle M. Kays
dkays@gradypilgrim.com

                                              s/Francis R. Greene
                                              Francis R. Greene