# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVE COTTON, on behalf of plaintiff and the class defined, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-4709 |
| v. | ) ) | Magistrate Judge Maria Valdez |
| NATIONAL ACTION FINANCIAL SERVICES INC., | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, National Action Financial Services, Inc. ("NAFS" or "Defendant"), through

counsel, responds to Plaintiff's Requests for Production of Documents, pursuant to Rule 34 of

the Federal Rules of Civil Procedure, as follows:

### Responses

1.      All logs or other documents indicating a putative debtor's consent to receive
automated calls to cellular telephone numbers.

**Response:**  Defendant objects to this request to the extent it seeks disclosure of

information protected by the attorney-client and/or work product privileges.  Defendant further

objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or

admissible evidence.

2.      All of Defendant's insurance policies.

**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the

discovery of relevant or admissible evidence.  Without waiving and subject to these objections,

Defendant refers to its Rule 26(a)(1) Disclosures.

3.     All correspondence to or from Defendant and any insurance company, broker, or agent concerning or relating to a reservation of rights or denial of coverage.

**Response:**  Defendant objects to this request on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the

discovery of relevant or admissible evidence

4.     If Defendant contends Plaintiff consented to receive the automated placement of calls to his cellular telephone, then all documents evidencing that consent.

**Response:**  Defendant objects to this request to the extent it seeks disclosure of

information protected by the attorney-client and/or work product privileges.  Defendant further

objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly

burdensome.  Without waiving and subject to these objections, Defendant will produce copies of

non-privileged responsive documents that are in its possession, custody and control, if any, at a

mutually agreeable time and place.

5.     If Defendant contends Plaintiff furnished his cellular telephone number to Defendant or the original creditor, then all documents evidencing that fact.

**Response:**  Defendant objects to this request to the extent it seeks disclosure of

information protected by the attorney-client and/or work product privileges.  Defendant further

objects to this request on the grounds that it is vague, ambiguous, overly broad and unduly

burdensome.  Without waiving and subject to these objections, Defendant will produce copies of

non-privileged responsive documents that are in its possession, custody and control, if any, at a

mutually agreeable time and place.

6.     Defendant's records for the automated dialer(s) used to contact Plaintiff and the putative class members.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

7. All documents that contain, refer to, set forth, or explain Defendant's policy or practice of obtaining consent from persons prior to using automated dialers to contact their cellular telephones.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving and subject to these objections, Defendant will produce copies of non-privileged responsive documents, if any, after entry of a mutually agreeable protective order.

8. All documents that contain, refer to, set forth, or explain Defendant's policy or practice of contacting debtors on their cellular telephones.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving and subject to these objections, Defendant will produce copies of non-privileged responsive documents, if any, after entry of a mutually agreeable protective order.

3

9.     All documents that contain, refer to, set forth, or explain Defendant's policies or practices regarding the use of predictive dialers.

**Response:**     Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

10.     All documents that contain, refer to, set forth or explain Defendant's policies or practices about maintaining a log or records showing a person's consent to receive automated calls to their cellular telephones.

**Response:**     Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving and subject to these objections, Defendant will produce copies of non-privileged responsive documents, if any, after entry of a mutually agreeable protective order.

11.     All documents that identify (a) persons with cellular telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773 ,779, 815, 847, or 872) (b) who, on or after July 28, 2006 (a date four years prior to the filing of this action) (28 U.S.C. § 1658), and on or before August 17, 2010 (a date 20 days following the filing of this action), (c) received automated calls to their cellular telephones from Defendant (d) trying to collect a Capital One debt (e) where Defendant's records do not show that the person provided the cellular telephone number to the Defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the Defendant's equipment from an inbound call).

**Response:**     Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

12.     All documents that Defendant reviewed or relied upon in answering the Interrogatories or Request to Admit Plaintiff directed to Defendant.

**Response:**  Defendant objects to this request to the extent it calls for disclosure of information protected by the attorney-client and/or work product privileges.  Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Without waiving and subject to these objections, Defendant further responds by referring to the documents to be produced in response to these requests.

13.     All documents that identify persons involved in Defendant's decision to use predictive dialers.

**Response:**  Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges.  Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

14.     All documents which describe persons and/or phone numbers who are to be contacted using predictive dialers is determined.

**Response:**  Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges.  Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

5

15. All documents which describe how to determine if a phone number belongs to a cellular telephone.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

16. All documents which set forth or describe Defendant's document destruction and retention policies.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

17. All documents containing communications with recipients of automated calls complaining about such calls or requesting that such calls not be made.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

18. All complaints filed against Defendant attempting to allege a violation of the Telephone Consumer Protection Act.

**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

19.    All documents relating to contracts or agreements for the placement of automated calls using predictive dialers.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

20.    All documents relating to agreements or contracts for the purchase or sale or rental of predictive dialers.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

21.    All documents Defendant plans to introduce into evidence at trial.

**Response:** Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the ground that it is premature. Without waiving and subject to these objections, Defendant states that it has not yet determined the identity of documents that will be introduced at trial. Defendant will supplement or amend this answer as discovery is completed and as this information is determined. Further, all documents that Plaintiff identifies in his

7

discovery responses are subject to and may ultimately be introduced into evidence at trial by Defendant.

22.     All documents Defendant plans to use for demonstrative purposes at trial.

**Response:**     Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the ground that it is premature. Without waiving and subject to these objections, Defendant states that it has not yet determined the identity of documents that will be used at trial. Defendant will supplement or amend this answer as discovery is completed and as this information is determined. Further, all documents that Plaintiff identifies in his discovery responses are subject to and may ultimately be used at trial by Defendant.

23.     All documents Defendant plans to use for impeachment purposes at trial.

**Response:**     Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the ground that it is premature. Without waiving and subject to these objections, Defendant states that it has not yet determined the identity of documents that will be used at trial. Defendant will supplement or amend this answer as discovery is completed and as this information is determined. Further, all documents that Plaintiff identifies in his discovery responses are subject to and may ultimately be used at trial by Defendant.

24.     All documents Defendant plans to use for rebuttal purposes at trial.

**Response:**     Defendant objects to this request to the extent it seeks disclosure of information protected by the attorney-client and/or work product privileges. Defendant further objects to this request on the ground that it is premature. Without waiving and subject to these objections, Defendant states that it has not yet determined the identity of documents that will be

used at trial. Defendant will supplement or amend this answer as discovery is completed and as this information is determined. Further, all documents that Plaintiff identifies in his discovery responses are subject to and may ultimately be used at trial by Defendant.

Respectfully submitted,

NATIONAL ACTION FINANCIAL
SERVICES, INC.

By: _____
One of its attorneys

Jeffrey D. Pilgrim
Danielle M. Kays
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Phone: (312) 939-0923
Fax: (312) 939-0983

## CERTIFICATE OF SERVICE

Jeffrey D. Pilgrim, an attorney, certifies that he served the foregoing **Defendant's Response to Plaintiff's Requests for Production of Documents** on:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

by depositing a true and correct copy of the same, proper postage prepaid, in the U.S. Mail on May 16, 2011.

_____
Jeffrey D. Pilgrim

Jeffrey D. Pilgrim
Danielle M. Kays
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Phone: (312) 939-0923
Fax: (312) 939-0983

# EXHIBIT B

LAW OFFICES
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle
18th Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

August 24, 2011

**<u>VIA E-MAIL</u>**

    Re: Cotton v. National Action Financial Services,
    ECLG Case No. 24.546

Jeffrey D. Pilgrim
Grady Pilgrim Christakis Bell LLP
53 West Jackson Bvld.
Chicago, IL 60604
Jpilgrim@gradypilgrim.com

Dear Jeff:

I am following up on our telephone conversation of August 9, 2011 regarding identification of class members as well as settlement.

During our August 9, 2011 conversation, you stated that there were approximately 1,700 accounts on which NAFS made calls during the class period. However, you declined to characterize the persons associated with the 1,700 accounts as meeting the class definition in the Amended Complaint because you did not want to concede either (a) that the calls were made using an automated dialing system as defined by the TCPA or (b) that NAFS made the calls to a person's cell phone without consent.

To determine whether NAFS's records show evidence of consent, we would like NAFS's records for the approximately 1,700 accounts that you referenced. With those records, we would endeavor to determine whether the person called did or did not give consent to NAFS to call his or her cell phone.

A further reason that we would like the records is to facilitate the making of a settlement demand. We would like to make a demand that reflects in some manner not only the number of persons called by NAFS, but the number of calls made to each person.

Please let me know if NAFS agrees to produce the records for the approximately 1,700 accounts and, if so, when we can expect to receive them. Please let me know by August 29, 2011 so that, if we need to get Judge Valdez, she can do so at the status hearing on September 1.

      Sincerely,

      s/Francis R. Greene
      Francis R. Greene