# APPENDIX A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into on the date of execution between Cleve Cotton ("Plaintiff" or "Class Representative"), on the one hand, and NA Liquidating Company, Inc. f/k/a National Action Financial Services, Inc. ("NALC" or "Defendant"), on the other hand.

**WHEREAS**, the Plaintiff and Defendant are parties to a putative class action entitled *Cotton v. National Action Financial Services, Inc.*, Case No. 10-cv-4709, pending in the United States District Court for the Northern District of Illinois, Eastern Division; and

**WHEREAS**, Plaintiff has claimed in the Lawsuit that Defendant violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C) by using an "automatic telephone dialing system" or an "artificial or prerecorded voice" in connection with telephone calls to cellular telephones, without the prior consent of Plaintiff and the Class (defined below); and

**WHEREAS**, Plaintiff's counsel has conducted a full investigation into the relevant facts and law relating to the Lawsuit (defined below); and

**WHEREAS,** the Settlement Class (defined below) includes approximately 1,700 persons; and

**WHEREAS,** a finding of liability under the TCPA with statutory damages being assessed at a minimum of $500 per telephone call could result in a significant damage award; and

**WHEREAS**, Defendant has sold its operating assets and is in the process of winding up

and liquidating its remaining liabilities and no longer is actively engaged in a third party collections business; and

**WHEREAS**, Defendant tendered Plaintiff's claims in the Lawsuit to its insurer, Illinois Union Insurance Company, which refused the tender and denied any obligation to defend or indemnify Defendant; and

**WHEREAS**, after considering (1) the benefits the Class will receive under this settlement, (2) the fact that Defendant has demonstrated that if the settlement is not approved it will continue to vigorously oppose the claims asserted in the Lawsuit, (3) the attendant risks, costs, uncertainties, and delays of litigation, (4) Defendant's cessation of business, and (5) Defendant's Insurer's (defined below) refusal to provide any defense or indemnification for the claims being asserted against Defendant, Plaintiff and his counsel have concluded the terms and conditions provided for in this Settlement Agreement are fair, reasonable, and adequate, and in the best interests of the Class as a means of resolving this Lawsuit; and

**WHEREAS**, after considering, among other things, the additional expense and delay that would result from the continuation of this litigation, the attendant risks, costs and uncertainties of litigation, Defendant's exposure to liability, and Defendant's Insurer's refusal to provide any defense or indemnification for the claims being asserted against Defendant, Defendant has determined that it is appropriate to resolve the Lawsuit upon the terms and conditions provided for in this Settlement Agreement; and

**WHEREAS,** this Settlement Agreement has been negotiated between the parties in good faith and at arm's-length, and the parties hereto stipulate and agree that the claims of Plaintiff

and the Class against Defendant should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## **DEFINITIONS**

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1    "Automated Calls" means a call initiated by Defendant's automated dialing system and/or a call involving an artificial or prerecorded voice.

1.2    "Claim Form" means the claim form included in Exhibits A and B.

1.3    "Class" or "Settlement Class" means the class of putative class members described in paragraph 2.1 below.

1.4    "Class Counsel" means  Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Francis R. Greene, and the law firm Edelman, Combs, Latturner and Goodwin, LLC.

1.5    "Class Member" means a person who is a member of the Class.

1.6    "Class Notice" means the notices to be approved by the Court as set forth in paragraph 2.1 below and Exhibits A and B attached hereto.

1.7    "Class Period" means July 28, 2006 to August 17, 2010.

1.8    "Class Representative" means Plaintiff, Cleve Cotton.

1.9    "Class Settlement Administrator" means Edelman Combs, Latturner & Goodwin, LLC.

1.9    "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

1.10   "<u>Defendant</u>" means NA Liquidating Company, Inc. f/k/a National Action Financial Services, Inc.

1.11   "<u>Defendant Releasees</u>" means NA Liquidating Company, Inc. f/k/a National Action Financial Services, Inc. and its former, future, and current officers, directors, executives, members, managers, principals, partners, shareholders, employees, affiliates, direct and indirect parents, subsidiaries, related entities, divisions, predecessors, successors, assigns, agents, representatives, and attorneys.

1.12   "<u>Defendant's Insurer(s)</u>" means the Illinois Union Insurance Company and any other insurance company which is legally required to provide coverage to Defendant for the claim asserted by Plaintiff in the Lawsuit.

1.13   "<u>Effective Date</u>" means the date on which the Final Approval Order becomes Final.

1.14   "<u>Fairness Hearing</u>" means a hearing set by the Court for the purpose of (i) determining the fairness, adequacy and reasonableness of this Settlement Agreement pursuant to class action procedures and requirements, and (ii) entering a Final Approval Order.

1.15   "<u>Final</u>" means the later of: (i) the date a Final Approval Order is entered by the Court if no objection(s) is (are) filed; or (ii) the date of expiration for the time for noticing a valid appeal from the Final Approval Order if an objection(s) is (are) filed and an appeal is not noticed; or (iii) the date of final affirmance or dismissal of the last pending appeal if an appeal is noticed.

1.16   "<u>Final Approval Order</u>" means an order to be entered by the Court entitled "Final

Approval Order," substantially in the form attached hereto as <u>Exhibit D</u>.

1.17    "<u>Lawsuit</u>" means the civil action entitled *Cotton v. National Action Financial Services, Inc.*, Case No. 10-cv-4709, currently pending in the United States District Court for the Northern District of Illinois, Eastern Division.

1.18    "<u>Opt-Out Deadline</u>" means the date by which Class Members must send requests for exclusion from the Class or objections to this Settlement Agreement.

1.19    "<u>Participating Claimant</u>" means each Class Member who properly and timely submits a Valid Claim Form in response to the Class Notice.

1.20    "<u>Plaintiff</u>" means Plaintiff, Cleve Cotton.

1.21    "<u>Preliminary Approval Date</u>" means the date on which the Court enters a Preliminary Approval Order.

1.22    "<u>Preliminary Approval Order</u>" means an order to be entered by the Court, entitled "Preliminary Approval Order," substantially in the form attached hereto as <u>Exhibit C</u>.

1.23    "<u>Released Claims</u>" mean, collectively, the claims released by Plaintiff and the Class as provided in paragraphs 2.6 and 2.7 below.

1.24    "<u>Settlement Agreement</u>" means this Settlement Agreement and Release and all of its attachments and exhibits, which the Settling Parties understand and agree set forth all material terms and conditions of the settlement between them and which is subject to Court approval.

1.25    "<u>Settlement Fund</u>" means the fund described in paragraph 2.5 below.

1.26    "<u>Settling Parties</u>" or "<u>Parties</u>" means Plaintiff and Defendant and their respective representatives and attorneys.

1.27    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*.

1.28    "Valid Claim Form" means a Claim Form that is completed, signed and timely returned to the Class Settlement Administrator, postmarked within eighty-eight (88) days after the Preliminary Approval Date.  Plaintiff and Defendant shall have the right to verify that each Claim Form submitted is valid.  Either Party challenging any claim shall apprise the other Party of the challenge, and the Settling Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim.  If the Settling Parties are unable to resolve such a challenge, the Settling Parties shall submit the challenge to the Court for resolution, with notice being given to the Claimant of the challenge and the right to be heard by the Court.  The Settling Parties shall each bear their own respective costs associated with any such challenge.

1.29    "Void Date" means the date on which settlement checks become void and can no longer be cashed by Class Members.

## TERMS AND CONDITIONS

2.1    **The Settlement Class**.  The Parties hereby stipulate to certification of the following class for settlement purposes only:

> all persons with cellular telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after July 28, 2006, and on or before August 17, 2010, received Automated Calls to their cellular telephones from Defendant trying to collect an alleged Capital One Bank debt.

2.2    **Judgment**.    Defendant agrees to allow a judgment in the total amount of $4,000,000.00, inclusive of costs, to be entered against it and in favor of Plaintiff and the Class.

6

2.3    **Assignment of Claims and Rights Against Insurers**.  As it relates to and for the claims asserted against Defendant in the Lawsuit and Defendant's tender of those claims to Illinois Union Insurance Company, Defendant agrees to assign to Plaintiff on behalf of the Class, represented by Class Counsel, to the full extent permitted by law or otherwise, Defendant's rights, title, and interests in (a) insurance policy number EON G24066496 002 (effective April 1, 2010 through April 1, 2011) issued by Illinois Union Insurance Company and (b) insurance policy number 8211-5659 (effective April 1, 2010 through April 1, 2011) issued by Chubb Group/Executive Risk Indemnity Inc. , and Plaintiff on behalf of the Class accepts such assignments.  If the Court enters the Final Approval Order granting approval to this Settlement Agreement, then Plaintiff and Class Counsel, on behalf of the Class, will, at their sole expense, pursue claims against Defendant's Insurer(s) to recover the amount of the judgment as set forth in paragraph 2.2 above, or as much of the judgment amount as can practically recovered, except that Plaintiff and Class Counsel, on behalf of the Class, will not pursue claims against Chubb Group/Executive Risk Indemnity, Inc. unless and until such time as Class Counsel believes that the Class could only recover from Chubb Group/Executive Risk Indemnity, Inc. and not from Illinois Union Insurance Company.

Plaintiff, Class Counsel and the Class understand that there is a risk that they will not succeed in a suit against Defendant's Insurer(s) to recover some or all of the judgment. Plaintiff, Class Counsel, and the Class will bear the entirety of this risk, and the ultimate success or failure in recovering from the Defendant's Insurer(s) will have no effect on this settlement.  In particular, Plaintiff, Class Counsel, and the Class understand (1) that Defendant's insurance

policy with Illinois Union Insurance Company (policy number EON G24066496 002) provides for a $1 million "Retention," (2) that that retention may or may not be recoverable from Defendant's Insurer(s), and (3) that the Retention might reduce the amount of the judgment that can be recovered by up to $1 million.

2.4    **Covenant not to Execute**.  Plaintiff, Class Counsel and the Class agree and covenant that the judgment set forth in paragraph 2.2 above will be enforceable only against the proceeds of the insurance policy number EON G24066496 002 (effective April 1, 2010 through April 1, 2011) issued by Illinois Union Insurance Company and from no other source whatsoever, except that Plaintiff and Class Counsel, on behalf of the Class, may pursue claims against Chubb Group/Executive Risk Indemnity, Inc. under insurance policy number 8211-5659 (effective April 1, 2010 through April 1, 2011) in the event that Class Counsel concludes that the Class can only recover from Chubb Group/Executive Risk Indemnity, Inc. and not from Illinois Union Insurance Company.  Specifically, Plaintiff, Class Counsel and the Class agree not to seek to execute on any of Defendant's or Defendant Releasees' assets to recover the amounts set forth in paragraph 2.2 above.

2.5    **Settlement Fund**.  The $4,000,000 judgment recovered from Defendant's Insurer(s), or so much of it as Plaintiff and the Class are able to recover from Defendant's Insurer(s), will comprise the Settlement Fund. The Settlement Fund shall be disbursed as follows:

A.    <u>Payment to Plaintiff</u>.  Plaintiff shall receive $20,000 for his individual claim and as an incentive award for his services as Class Representative. Defendant agrees not to

object to the Court awarding this amount to Plaintiff.

B.      Payment to Class Counsel.  Class Counsel shall receive up to 1/3 (one-third) of the Settlement Fund in full satisfaction of all reasonable attorneys' fees and costs. This payment is subject to Court approval and Defendant agrees not to object to the Court awarding this amount to Class Counsel.

C.      Payment to the Class.  The amount remaining in the Settlement Fund after deducting the amount set forth in paragraphs 2.5A and 2.5B shall be divided *pro rata* among Participating Claimants. Each Class Member shall be eligible to receive one *pro rata* payment, regardless of how many or few telephone calls Defendant made to a Class Member's telephone. The Void Date shall be sixty (60) days after checks are initially mailed to Class Members. Relatives of deceased persons are not eligible to submit a claim form and to receive a *pro rata* share of the Settlement Fund.

D.      Money Remaining In the Settlement Fund After The Void Date. Money remaining in the Settlement Fund, if any, after payments are made pursuant to paragraphs 2.5A-C above, shall be returned to Illinois Union Insurance Company.

E.      Additional Payment. Separate and apart from the payments described in paragraphs 2.5A-C, Defendant agrees to pay the costs of administering the Settlement Agreement, as described in paragraph 2.8 and 2.12 below; however, the maximum Defendant shall be required to pay is $20,000. Otherwise, each Party is to bear its own costs and attorney's fees, and there is to be no other monetary consideration paid under this Agreement, except any amounts received from Defendant's Insurer(s).

9

2.6.    **Release by Plaintiff**.  Except for the obligations created by this Settlement Agreement, upon the Effective Date, Plaintiff for himself and his administrators, heirs, executors, successors, representatives, agents, attorneys and assigns remises, releases, and forever discharges Defendant and Defendant Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, which are alleged to result from anything arising prior to the Effective Date, including, without limitation, all claims, demands and causes of action relating in any way to the claims that were asserted or that could have been asserted in the Lawsuit, and waives all rights against Defendant and Defendant Releasees with respect to any and all actions, causes of action, claims, counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys' fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known or unknown, past or present, whether under foreign or domestic tort or contract laws and/or any other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-law, which are alleged to result from anything arising prior to the Effective Date, including, without limitation, all claims, demands and causes of action relating in any way to the claims that were asserted or that could have been asserted in the Lawsuit.

2.7    **Release by the Class**.  Except for the obligations created by this Settlement Agreement, upon the Effective Date, each Class Member that has not excluded himself or herself from the Class remises, releases, and forever discharges Defendant and Defendant Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of

contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether

known or unknown, that could be asserted by anyone on behalf of the Class Member relating in

any way to Automated Calls to cellular telephones, including, but not limited to, the claims that

were asserted or that could have been asserted in the Lawsuit, and waives all rights against

Defendant and Defendant Releasees with respect to any and all actions, causes of action, claims,

counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys'

fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known

or unknown, past or present, whether under foreign or domestic tort or contract laws and/or any

other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-

law, that could be asserted by anyone on behalf of the Class Member relating in any way to

Automated Calls to cellular telephones, including, but not limited to, the claims asserted or

which could have been asserted in the Lawsuit.

   2.8 **Class Notice**. If, by entering the Preliminary Approval Order, the Court

provides authorization to provide the Class Notice to Class Members, Plaintiff will cause Class

Notice to be given as follows:

    A. <u>Direct Mail</u>. Plaintiff or his agent will cause two separate Class Notices

to be mailed to the Class via any form of United States mail which provides address forwarding.

The first Class Notice shall be mailed within twenty-eight (28) days after the entry of a

Preliminary Approval Order, in the form and substance set forth in <u>Exhibit A</u> hereto.  The second

Class Notice, in the form and substance set forth in <u>Exhibit B</u> hereto, shall be mailed 58 days

after the entry of a Preliminary Approval Order. In the event that a Class Notice is returned as

undeliverable and a forwarding address is provided, a Class Notice shall be sent to the forwarding address as soon as practicable. A copy of the Claim Form, as set forth in Exhibits A and B hereto shall be sent with both Class Notices. Plaintiff shall generate the Class Member list from the contemporaneous records in Defendant's possession and Class Notice shall be mailed to the last known mailing address in Defendant's records.

        B.     Costs. All costs pertaining to the printing and mailing of Class Notice shall be paid by Defendant, up to a maximum of $20,000 as provided in paragraph 2.5E above.

       2.9    **Opt-Out/Exclusion/Right to Object/Participation**.

        A.     Opt-Out/Exclusion.   Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Class, as detailed in the Class Notice and within the time and in the manner provided by the Court.  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor be entitled to any of its benefits.

        B.     Objection.   Any Class Member, except Plaintiff, may object to the terms of this Settlement Agreement in writing, as detailed in the Class Notice and within the time and in the manner provided by Court order.  Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs.  Class Counsel and attorneys of record for Defendant must also be served with copies of any objections, postmarked no later than the Opt-Out Deadline.  The Class Notice shall advise Class Members of this option.  Any objections must be in writing and timely submitted or else they are waived.

        C.     Participation.  Any Class Member may seek to participate in the Lawsuit.

Any Class Member who exercises his or her right to participate in the Lawsuit will be responsible for his or her own attorneys' fees and costs.

       2.10   **Preliminary Approval Order**.

          A.   <u>Content.</u>  As soon as practicable after execution of this Settlement Agreement, Plaintiff and Defendant shall jointly request an order from the Court that:

          1.    preliminarily approves this Settlement Agreement;

          2.    conditionally certifies the Settlement Class for purposes of settlement only;

          3.    schedules a hearing for final approval of this Settlement Agreement;

          4.    approves the form and manner of mailing Class Notice as set forth in paragraph 2.8 and finds that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law, and finds that no further notice to the Class is required.

          B.   <u>Form.</u>  The Settling Parties agree to request the form of Preliminary Approval Order attached hereto as <u>Exhibit C</u>.  The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

       2.11   **Final Approval Order**.

          A.   <u>Content.</u>  At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, Plaintiff and Defendant shall jointly request that the Court enter a

Final Approval Order:

        1.      approving the terms of this Settlement Agreement as fair, reasonable and adequate;

        2.      providing for the implementation of its terms and provisions;

        3.      certifying the Settlement Class for purposes of settlement only;

        4.      finding that the Class Notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law;

        5.      entering judgment in the amount of $4,000,000.00 in favor of Plaintiff and the Settlement Class, as provided in paragraph 2.2;

        6.      retaining exclusive jurisdiction to enforce the terms and provisions of this Settlement Agreement and the Final Approval Order; and

        7.      retaining the right to question the distribution of the settlement proceeds, including payments to Plaintiff and Class Counsel pursuant to this Settlement Agreement.

        B.      <u>Form.</u> The Settling Parties agree to request jointly the form of Final Approval Order, attached hereto as <u>Exhibit D</u>.  The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

        2.12   **Administration of Class Benefits**.

        A.      <u>Class Settlement Administration</u>.  Plaintiff shall be responsible for

administering the terms of this Settlement Agreement, including the printing and mailing of Class Notice, the processing of Claim Forms, and the distribution of the Settlement Fund to Participating Claimants. In his discretion, Plaintiff may retain third parties to assist in the administration of the Settlement, including the Class Settlement Administrator in which case Defendant shall be required to pay for only the out-of-pocket expenses of the Class Settlement Administrator (subject to the $20,000 limit provided in paragraph 2.5E).

B. <u>Eligibility</u>. If a Class Member submits an incomplete or otherwise improperly filled out Claim Form that is otherwise timely submitted, Class Counsel shall contact the claimant and seek such information as is needed to correct the deficiency. If the deficiency cannot be corrected, then Class Counsel and Defendant's attorneys shall jointly determine whether the claimant is eligible to receive any of the benefits described in paragraph 2.5C above, or if they cannot agree upon such a determination in good faith, then the Court shall determine whether the claimant is entitled to the relief requested.

C. <u>Costs</u>. Defendant agrees to pay up to $20,000 for the costs of administering the settlement, as provided in paragraph 2.5E.

E. <u>Tax Withholding</u>. If each Participating Claimant's *pro rata* share of the Settlement Fund exceeds $600.00, Plaintiff, or any agent retained by Plaintiff to administer the settlement, shall undertake to send out the necessary tax forms to Participating Claimants for the purpose of complying with the applicable tax laws. Participating Claimants shall have an additional 30 days from the date the tax forms are mailed to return the form. In the event that a Participating Claimant does not return the tax form, Plaintiff may deduct 28% of the

15

Participating Claimant's *pro rata* share of the Class Fund and remit same to the Internal Revenue Service.

      F.    <u>Destruction of Documents.</u>    The Parties may destroy documents generated in the administration of notice to the Class one year after the Void Date.

    2.13  **<u>Satisfaction of Judgment</u>**. Plaintiff agrees that upon (i) receiving payment of the judgment or any lesser amount he agrees to take in litigation or negotiation with Defendant's Insurer(s) (which lesser amount may have to be approved by the Court), or (ii) receiving a decision adverse to Plaintiff in the coverage claim against Defendant's Insurer(s) that is no longer subject to review, or (iii) deciding to abandon his efforts to pursue this matter, Plaintiff will file a Satisfaction of Judgment related to the judgment provided in paragraph 2.2 above. If Plaintiff fails to file a Satisfaction of Judgment, Plaintiff authorizes Defendant to file such Satisfaction of Judgment on his behalf. Plaintiff agrees not to record the judgment and not to refer to it without also referring to this Settlement Agreement (containing the Covenant not to Execute above) and the orders approving it.

    2.14  **<u>Release of Attorneys' Lien</u>**. In consideration of this Settlement Agreement, Class Counsel hereby waives, discharges, and forever releases Defendant and Defendant Releasees from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Lawsuit and this Settlement Agreement. Class Counsel does not waive any right to pursue any claims for attorneys' fees against Defendant's Insurer(s).

    2.15  **<u>Liability</u>**.    The Parties acknowledge that Defendant denies any liability to

Plaintiff and the Class Members.  However, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiff or the Class Members against Defendant, Defendant considers it desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement.

2.16  **No Admission.**  This Settlement Agreement is for settlement purposes only. Therefore:

A.  It is expressly agreed and understood that this Settlement Agreement and its exhibits do not constitute an admission by any party and may not be offered or received in evidence or requested in discovery in this Lawsuit or any other action or proceeding involving any party hereto except an action to enforce the terms hereof.

B.  Except as necessary to enforce the terms, this Settlement Agreement and the fact of any settlement shall not be admissible in any lawsuit, administrative action or any judicial or administrative proceeding, and shall be expressly inadmissible to show, demonstrate, evidence or support a contention that Defendant or Defendant Releasees acted illegally, improperly or in breach of law, contract, ethics or proper conduct.

C.  Nothing in this Settlement Agreement shall constitute an admission, finding, or evidence that any requirement for class certification is satisfied in the Lawsuit, except for settlement purposes only.  This Settlement Agreement is made with the express understanding that, under applicable law, a class may be certified for settlement purposes only (*i.e.*, without regard to the certifiability of the matter or for litigation purposes).

D.      Negotiations, statements, proceedings and other items related to this Settlement Agreement are also for settlement purposes only, and therefore shall not be offered or be admissible in evidence by or against any party, or cited or referred to in any other action or proceeding.

2.17      **Best Efforts and Cooperation**. The Settling Parties agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the consummation of this Settlement Agreement. Additionally, Defendant and its counsel agree that they will cooperate with Class Counsel to the extent reasonable under the circumstances to obtain a recovery for the Class against Defendant's Insurer(s).

2.18      **Notices**.  Notices regarding this Settlement Agreement directed to Plaintiff and/or the Settlement Class shall be sent to:

Francis R. Greene (24546)
EDELMAN, COMBS, LATTURNER AND GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

Notices to Defendant shall be sent to:

Jeffrey D. Pilgrim
Danielle M. Kays
GRADY PILGRIM CHRISTAKIS BELL LLP
53 W. Jackson Blvd., Suite 1515
Chicago, IL 60604

The persons and addresses designated in this paragraph may be changed with written notice to the other signatories hereto.

2.19      **Counterparts**.  This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes.  The

signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement shall be treated as originals.

2.20 **Binding Agreement**. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff and each Class Member and each of their respective current and former heirs, executors, administrators, assigns, agents and attorneys, all of whom are intended to be beneficiaries of this Settlement Agreement. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Defendant and Defendant Releasees. There are otherwise no third-party beneficiaries of this Settlement Agreement.

2.21 **Governing Law**. This Settlement Agreement (and any exhibits hereto) shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Illinois, and the rights and obligations of the Settling Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of Illinois without giving effect to Illinois choice of law principles.

2.22 **Retention of Jurisdiction**. The Court shall retain jurisdiction to implement and to enforce the terms of this Settlement Agreement, including the distribution of any funds that are recovered from Defendant's Insurer(s) and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

2.23 **Interpretation**. The Settling Parties acknowledge that they have had an equal

19

opportunity to participate in the drafting of this Settlement Agreement and that the Settling Parties and their respective counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contributed to its drafting. Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Settling Party on the basis of authorship. The Settling Parties further agree that in this Settlement Agreement the singular shall include the plural and vice versa where the content so requires.

2.24  **Entire Agreement**.  This Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein.  The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merged into this Settlement Agreement and shall have no effect.  This Settlement Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Settling Parties and their respective counsel.

2.25  **Authority**.  The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all the terms and provisions of

this Settlement Agreement. Such persons further represent and warrant that they are competent to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

2.26 **Headings**. The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.27 **Severability**. In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.]**

**IN WITNESS WHEREOF,** the Parties have caused this Settlement Agreement to be executed on the dates set forth below.

DATED:    4/25/12

                                          *CLEVE COTTON*
                                          Plaintiff and Class Representative

                                          By:
                                          Cleve Cotton

DATED:

                                          *NA LIQUIDATING COMPANY, INC. f/k/a NATIONAL ACTION FINANCIAL SERVICES, INC.*

                                          By:

                                          Its:

APPROVED AS TO FORM:

Daniel A. Edelman of Edelman, Combs, Latturner & Goodwin, LLC
Counsel for Plaintiff and the Settlement Class

Jeffrey D. Pilgrim of Grady Pilgrim Christakis Bell LLC
Counsel for Defendant

22

**IN WITNESS WHEREOF,** the Parties have caused this Settlement Agreement to be executed on the dates set forth below.

DATED: _____

> *CLEVE COTTON*
> Plaintiff and Class Representative
>
> By: _____
>      Cleve Cotton

DATED: _4-24-12_

> *NA LIQUIDATING COMPANY, INC. f/k/a NATIONAL ACTION FINANCIAL SERVICES, INC.*
>
> By: _____
>
> Its: _____

APPROVED AS TO FORM:

_____
Daniel A. Edelman of Edelman, Combs, Latturner & Goodwin, LLC
Counsel for Plaintiff and the Settlement Class

_____
Jeffrey D. Pilgrim of Grady Pilgrim Christakis Bell LLC
Counsel for Defendant

22

## **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**If you were called on your cell phone by National Action Financial Services, Inc. trying to collect an alleged Capital One Bank debt, you may benefit from this class action settlement.**

*The case is titled Cotton v. National Action Financial Services, Inc., Case No. 10 CV 4709.*
*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **RETURN A CLAIM FORM BY _____, 2012** | By returning a completed claim form by _____, 2012 you will remain in the settlement class and you will be entitled to receive a settlement check from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing, you will remain in the settlement class and be bound by the terms of the settlement but will not receive a share of the settlement fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

### 1. Why did I get this notice?

You received this notice because you have been identified from the records of Defendant National Action Financial Services, Inc. as having received one or more automated calls to your cellular telephone from Defendant trying to collect an alleged Capital One Bank debt. You are a Class Member even if you did not pay any money to Defendant. However, you are not entitled to participate in the settlement if you have filed a petition in a bankruptcy court for relief pursuant to Chapter 7 of the bankruptcy code after you received the phone calls which are the subject of this lawsuit.

You received this notice because you are a Class Member in this lawsuit against Defendant and have a right to know about a proposed settlement of the lawsuit.

## 2. What is this lawsuit about?

In this lawsuit, Plaintiff seeks monetary relief and claims that Defendant violated the Telephone Consumer Protection Act (the "Law" or "TCPA") by using an "automatic telephone dialing system" or an "artificial or prerecorded voice" in connection with telephone calls to cellular telephones, without the prior consent of Plaintiff and the Settlement Class. Plaintiff claims that Defendant's actions violated the Law, and Defendant vigorously denies that its conduct violated the Law.

## 3. Why is this a class action?

In a class action, one (or more) person(s) called a Class Representative (in this case, Cleve Cotton), sues on behalf of a group (or a "Class") of people who are alleged to have similar claims.

## 4. Why is there a settlement?

In order to avoid the cost, risk, and delay of litigation, the parties agreed to settle the case.

## 5. How do I know if I am a part of the settlement?

For purposes of this settlement only, the parties agreed and the Court decided that everyone falling under the following definition is a Class Member:

> All persons with cellular telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after July 28, 2006, and on or before August 17, 2010, received Automated Calls to their cellular telephones from Defendant trying to collect an alleged Capital One Bank debt.

Defendant has identified approximately 1,700 Class Members and you are one of them.

## YOUR BENEFITS UNDER THE SETTLEMENT

## 6. What can I get from the settlement?

Defendant has agreed to allow a judgment in the amount of $4,000,000.00 to be entered against it and in favor of Plaintiff and the Settlement Class. Plaintiff, through counsel, will attempt to

collect the amount of the judgment from Defendant's insurer(s). If Plaintiff is able to recover any money from Defendant's insurer(s), it will comprise the Settlement Fund.  After deductions for attorney's fees and compensation for the named Plaintiff, any money remaining in the fund will be divided among those Class Members who timely return a valid claim form at the end of this Notice. Claim forms must be postmarked by _____, 2012.

If you return a timely, valid claim form, the amount you will receive will depend on how many other Class Members return a claim form and how much, if any, money Plaintiff is able to recover from Defendant's insurer(s). If Plaintiff recovers the total amount of the $4,000,000.00 judgment and all 1,700 Class Members return timely, valid, claim forms, each Class Member will receive approximately $1,500.  This recovery is contingent upon the Court approving this settlement and Plaintiff actually collecting $4 million from Defendant's insurer(s).

If you wish to receive your share of the settlement fund, your claim form must be mailed to:

INSERT ADDRESS OF SETTLEMENT ADMINISTRATOR
STREET
CITY, STATE ZIP

and postmarked on or before _____, 2012.

## 7.  When will I receive these benefits?

You will receive these benefits approximately 90 days after Plaintiff has recovered money from Defendant's insurer(s), but not before this settlement is approved by the Court.  A final approval hearing is scheduled for _____ at _____.m. (See answer to question 18.)

**Please note that all payments to be made under the settlement are subject to Court approval and the recovery of money from Defendant's insurer(s).  The Court may decide to award different amounts, or to reject the settlement entirely.  If this settlement is not finally approved, then members of the class will receive no benefit from it, and the lawsuit will proceed as if this settlement had never happened.  If the Court approves the settlement but Plaintiff is unable to recover any money from Defendant's insurer(s), Class Members will not receive any money and the lawsuit will be terminated.**

## 8.  I want to be a part of the settlement and receive these benefits.  What do I do?

In order to be a part of the settlement and receive the benefits described above, you must return the claim form at the end of this notice by _____, 2012.

## 9. What am I giving up to receive these benefits?

By staying in the Settlement Class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means that you can't sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit.

## 10. How much will the Class Representatives receive?

Subject to the Court's approval and recovery of money from Defendant's insurer(s), Plaintiff and Class Representative Cleve Cotton will receive $20,000, for his damages and for his services as the class representative.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, and you want to keep your legal claims against Defendant, then you must take steps to get out. This is called excluding yourself.

## 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Cotton v. National Action Financial Services, Inc.* No. 10 CV 4709 (N.D. Ill.). Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than _____, 2012,** and it must be sent to the following addresses:

Francis R. Greene (#24546)                     Jeffrey D. Pilgrim
EDELMAN, COMBS, LATTURNER                       Danielle M. Kays
     & GOODWIN, LLC                               GRADY PILGRIM CHRISTAKIS BELL
120 S. LaSalle Street                                LLP
Suite 1800                                      53 W. Jackson Blvd., Suite 1515
Chicago, IL 60603                               Chicago, IL 60604

Be sure to include the name and number of the case.

## 12. If I exclude myself, do I still receive benefits from this settlement?

**No, you will not receive anything resulting from the settlement of this case**, but you will have the right to sue the Defendant at your expense over the claims raised in this case. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations")

will begin to run again.  You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

| 13.  Do I have a lawyer in this case? |
| --- |

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel.  You will not be charged by these lawyers; however they will receive a payment of up to one-third of the Settlement Fund, if that amount is approved by the Court.  If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, he or she must file an appearance by _____, 2012.

| 14.  How will the lawyers be paid? |
| --- |

Class Counsel will ask the Court for attorney's fees and expenses of no more than one-third of the Settlement Fund.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

| 15.  Is this a fair settlement? |
| --- |

Class Counsel believes that this settlement is fair. Plaintiff asserted claims against Defendant under the Telephone Consumer Protection Act ("TCPA"). The TCPA is a federal law which provides for both individual actions and class actions. In an individual action, a person who brings a suit and successfully proves his or her claims may recover statutory damages of between $500 and $1500 per unlawful telephone call.

At the time Plaintiff entered into this settlement with Defendant, Defendant had filed a motion to compel arbitration. Plaintiff believes that motion was without merit, but there was a risk that the Court would grant the motion and send this case to arbitration, in which case the class would have received nothing. Also, at the time of the settlement, it was possible that Plaintiff would not have succeeded in winning a contested judgment against Defendant. Defendant raised a number of defenses to Plaintiff's lawsuit, and it is possible that Defendant would have prevailed on one or more of those defenses. In light of the risks of losing or having the case be sent to arbitration where claims on behalf of a class could not be pursued, Class counsel believes this is a fair and reasonable settlement.

Defendant has sold its operating assets and is in the process of winding up and liquidating its remaining liabilities. Defendant is covered by an insurance policy. Class Counsel believes that

the policy covers Plaintiff's TCPA claim against Defendant. On the other hand, Defendant's insurance company has stated that it does not believe the insurance policy covers Defendant for Plaintiff's TCPA claim.

Class counsel believes that this is a reasonable settlement given the difficulties in litigating the issues.

Defendant has agreed to have a judgment entered against it for $4,000,000. Under the settlement, Plaintiff can attempt to recover the $4,000,000 only from Defendant's insurer(s). Assuming the Court approves this settlement, there are a number of potential outcomes of the case, including:

1. Plaintiff proves to a court that the insurance policy does apply to Plaintiff's TCPA claim, and recovers $4,000,000 from the insurance company for himself and the class.
2. Plaintiff proves to a court that the insurance policy does apply to Plaintiff's TCPA claim, and recovers $4,000,000, less a $1,000,000 retention (or "deductible"), for a total of $3,000,000 for himself and the class.
3. Plaintiff fails to prove to a court that the insurance policy applies to Plaintiff's TCPA claim, and recovers $0 for himself and the class.
4. Plaintiff settles with the insurance company for some amount of money up to $4,000,000 for himself and the class. Any such settlement would have to be approved by the Court.

If Plaintiff recovers the full $4,000,000 from Defendant's insurer(s), and each of the 1,700 Class Members returns a claim form, each Class Member will receive, after deduction for attorney's fees and costs and Plaintiff's award, approximately $1,500. Class counsel does not believe all 1,700 class members will return claim form, so the amount each class member receives may exceed $1,500. Given the risks of continuing with the litigation, and the amount potentially recoverable, Class Counsel believes the settlement is fair and reasonable.

## DEFENDANT'S VIEWS ABOUT THE SETTLEMENT

### 16.  What is Defendant's view of the settlement?

As stated above, Defendant expressly and vigorously denies that the claims asserted by Plaintiff have merit and denies all allegations of wrongdoing and liability.  By settling this lawsuit, Defendant is not admitting that it has done anything wrong, and has agreed to settle this lawsuit to avoid the expense and burden of further litigation.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

## 17.  How do I tell the Court that I don't like the Settlement?

If you're a Class Member, you can object to the settlement.  In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement.  You must include the following name and number of the case: *Cotton v. National Action Financial Services, Inc.*, Case No. 10 CV 4709 (N.D. Ill.), your name, address, telephone number and your signature.  If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18).

You must mail your objection so that it is postmarked no later than _____, 2012 to:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to:

| | |
|---|---|
| Francis R. Greene (#24546) | Jeffrey D. Pilgrim |
| EDELMAN, COMBS, LATTURNER | Danielle M. Kays |
| & GOODWIN, LLC | GRADY PILGRIM CHRISTAKIS BELL |
| 120 S. LaSalle Street | LLP |
| Suite 1800 | 53 W. Jackson Blvd., Suite 1515 |
| Chicago, IL  60603 | Chicago, IL 60604 |

Be sure to include the name and number of the case.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend if you wish, but you are not required to do so.

## 18.  Where and when is the fairness hearing?

The Court will hold a fairness hearing on _____, 2012 at _____m. in the courtroom of Magistrate Judge Valdez, Room 1300 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604.  The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for Class Counsel.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

**You are not required to come to the fairness hearing.**

## GETTING MORE INFORMATION

| 19.  How do I get more information? |
|---|

You can call Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the class, at (312) 739-4200, if you have any questions. You can also send an email to info@edcombs.com. **Before doing so, please read this full notice carefully.**

| 20.  What if I have a new address? |
|---|

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case.  However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter with your new address to:

INSERT ADDRESS OF CLAIMS ADMINISTRATOR
STREET
CITY, STATE ZIP

## PROOF OF CLAIM FORM

RE:     *Cotton v. National Action Financial Services, Inc.*, Case No.: 10 CV 4709 (N.D. Ill.)

I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.

IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____, 2012 AND MAILED TO THE FOLLOWING ADDRESS IN ORDER TO RECEIVE A SETTLEMENT CHECK:

INSERT ADDRESS OF CLAIMS ADMINISTRATOR
STREET
CITY, STATE ZIP

PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:

NAME:                    _____

CURRENT MAILING ADDRESS:     _____

                         _____

IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE AND EXPLAIN WHY YOU SHOULD RECOVER INSTEAD OF THE PERSON TO WHOM THE NOTICE WAS ADDRESSED:

IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE OLD ADDRESS HERE:

_____

_____

SIGNATURE:        _____

QUESTIONS?  CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 24546

**DATE:**           _____

**EXHIBIT B**

# SECOND NOTICE

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**If you were called on your cell phone by National Action Financial Services, Inc. trying to collect an alleged Capital One Bank debt, you may benefit from this class action settlement.**

*The case is titled Cotton v. National Action Financial Services, Inc., Case No. 10 CV 4709.*
*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **RETURN A CLAIM FORM BY _____, 2012** | By returning a completed claim form by _____, 2012 you will remain in the settlement class and you will be entitled to receive a settlement check from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing, you will remain in the settlement class and be bound by the terms of the settlement but will not receive a share of the settlement fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

## 1. Why did I get this notice?

You received this notice because you have been identified from the records of Defendant National Action Financial Services, Inc. as having received one or more automated calls to your cellular telephone from Defendant trying to collect an alleged Capital One Bank debt. You are a Class Member even if you did not pay any money to Defendant. However, you are not entitled to participate in the settlement if you have filed a petition in a bankruptcy court for relief pursuant to Chapter 7 of the bankruptcy code after you received the phone calls which are the subject of this lawsuit.

# SECOND NOTICE

You received this notice because you are a Class Member in this lawsuit against Defendant and have a right to know about a proposed settlement of the lawsuit.

| 2. What is this lawsuit about? |
| --- |

In this lawsuit, Plaintiff seeks monetary relief and claims that Defendant violated the Telephone Consumer Protection Act (the "Law" or "TCPA") by using an "automatic telephone dialing system" or an "artificial or prerecorded voice" in connection with telephone calls to cellular telephones, without the prior consent of Plaintiff and the Settlement Class. Plaintiff claims that Defendant's actions violated the Law, and Defendant vigorously denies that its conduct violated the Law.

| 3. Why is this a class action? |
| --- |

In a class action, one (or more) person(s) called a Class Representative (in this case, Cleve Cotton), sues on behalf of a group (or a "Class") of people who are alleged to have similar claims.

| 4. Why is there a settlement? |
| --- |

In order to avoid the cost, risk, and delay of litigation, the parties agreed to settle the case.

| 5. How do I know if I am a part of the settlement? |
| --- |

For purposes of this settlement only, the parties agreed and the Court decided that everyone falling under the following definition is a Class Member:

> All persons with cellular telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after July 28, 2006, and on or before August 17, 2010, received Automated Calls to their cellular telephones from Defendant trying to collect an alleged Capital One Bank debt.

Defendant has identified approximately 1,700 Class Members and you are one of them.

## YOUR BENEFITS UNDER THE SETTLEMENT

| 6. What can I get from the settlement? |
| --- |

# SECOND NOTICE

Defendant has agreed to allow a judgment in the amount of $4,000,000.00 to be entered against it and in favor of Plaintiff and the Settlement Class. Plaintiff, through counsel, will attempt to collect the amount of the judgment from Defendant's insurer(s). If Plaintiff is able to recover any money from Defendant's insurer(s), it will comprise the Settlement Fund. After deductions for attorney's fees and compensation for the named Plaintiff, any money remaining in the fund will be divided among those Class Members who timely return a valid claim form at the end of this Notice. Claim forms must be postmarked by _____, 2012.

If you return a timely, valid claim form, the amount you will receive will depend on how many other Class Members return a claim form and how much, if any, money Plaintiff is able to recover from Defendant's insurer(s). If Plaintiff recovers the total amount of the $4,000,000.00 judgment and all 1,700 Class Members return timely, valid, claim forms, each Class Member will receive approximately $1,500. This recovery is contingent upon the Court approving this settlement and Plaintiff actually collecting $4 million from Defendant's insurer(s).

If you wish to receive your share of the settlement fund, your claim form must be mailed to:

INSERT ADDRESS OF SETTLEMENT ADMINISTRATOR
STREET
CITY, STATE ZIP

and postmarked on or before _____, 2012.

| 7.  When will I receive these benefits? |
| --- |

You will receive these benefits approximately 90 days after Plaintiff has recovered money from Defendant's insurer(s), but not before this settlement is approved by the Court. A final approval hearing is scheduled for _____ at _____.m. (See answer to question 18.)

**Please note that all payments to be made under the settlement are subject to Court approval and the recovery of money from Defendant's insurer(s). The Court may decide to award different amounts, or to reject the settlement entirely. If this settlement is not finally approved, then members of the class will receive no benefit from it, and the lawsuit will proceed as if this settlement had never happened. If the Court approves the settlement but Plaintiff is unable to recover any money from Defendant's insurer(s), Class Members will not receive any money and the lawsuit will be terminated.**

| 8.  I want to be a part of the settlement and receive these benefits.  What do I do? |
| --- |

# SECOND NOTICE

In order to be a part of the settlement and receive the benefits described above, you must return the claim form at the end of this notice by _____, 2012.

| 9.  What am I giving up to receive these benefits? |
|---|

By staying in the Settlement Class, all of the Court's orders will apply to you, and you give Defendant a "release."  A release means that you can't sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit.

| 10.  How much will the Class Representatives receive? |
|---|

Subject to the Court's approval and recovery of money from Defendant's insurer(s), Plaintiff and Class Representative Cleve Cotton will receive $20,000, for his damages and for his services as the class representative.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, and you want to keep your legal claims against Defendant, then you must take steps to get out.  This is called excluding yourself.

| 11.  How do I get out of the settlement? |
|---|

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Cotton v. National Action Financial Services, Inc.* No. 10 CV 4709 (N.D. Ill.). Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request so that it is postmarked **no later than _____, 2012,** and it must be sent to the following addresses:

Francis R. Greene (#24546)
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street
Suite 1800
Chicago, IL  60603

Jeffrey D. Pilgrim
Danielle M. Kays
GRADY PILGRIM CHRISTAKIS BELL
      LLP
53 W. Jackson Blvd., Suite 1515
Chicago, IL 60604

Be sure to include the name and number of the case.

| 12.  If I exclude myself, do I still receive benefits from this settlement? |
|---|

# SECOND NOTICE

**No, you will not receive anything resulting from the settlement of this case**, but you will have the right to sue the Defendant at your expense over the claims raised in this case. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

| 13.  Do I have a lawyer in this case? |
|---|

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel. You will not be charged by these lawyers; however they will receive a payment of up to one-third of the Settlement Fund, if that amount is approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____, 2012.

| 14.  How will the lawyers be paid? |
|---|

Class Counsel will ask the Court for attorney's fees and expenses of no more than one-third of the Settlement Fund.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

| 15.  Is this a fair settlement? |
|---|

Class Counsel believes that this settlement is fair. Plaintiff asserted claims against Defendant under the Telephone Consumer Protection Act ("TCPA"). The TCPA is a federal law which provides for both individual actions and class actions. In an individual action, a person who brings a suit and successfully proves his or her claims may recover statutory damages of between $500 and $1500 per unlawful telephone call.

At the time Plaintiff entered into this settlement with Defendant, Defendant had filed a motion to compel arbitration. Plaintiff believes that motion was without merit, but there was a risk that the Court would grant the motion and send this case to arbitration, in which case the class would have received nothing. Also, at the time of the settlement, it was possible that Plaintiff would not have succeeded in winning a contested judgment against Defendant. Defendant raised a number of defenses to Plaintiff's lawsuit, and it is possible that Defendant would have prevailed on one or more of those defenses. In light of the risks of losing or having the case be sent to arbitration

# SECOND NOTICE

where claims on behalf of a class could not be pursued, Class counsel believes this is a fair and reasonable settlement.

Defendant has sold its operating assets and is in the process of winding up and liquidating its remaining liabilities. Defendant is covered by an insurance policy. Class Counsel believes that the policy covers Plaintiff's TCPA claim against Defendant. On the other hand, Defendant's insurance company has stated that it does not believe the insurance policy covers Defendant for Plaintiff's TCPA claim.

Class counsel believes that this is a reasonable settlement given the difficulties in litigating the issues.

Defendant has agreed to have a judgment entered against it for $4,000,000. Under the settlement, Plaintiff can attempt to recover the $4,000,000 only from Defendant's insurer(s). Assuming the Court approves this settlement, there are a number of potential outcomes of the case, including:

1. Plaintiff proves to a court that the insurance policy does apply to Plaintiff's TCPA claim, and recovers $4,000,000 from the insurance company for himself and the class.
2. Plaintiff proves to a court that the insurance policy does apply to Plaintiff's TCPA claim, and recovers $4,000,000, less a $1,000,000 retention (or "deductible"), for a total of $3,000,000 for himself and the class.
3. Plaintiff fails to prove to a court that the insurance policy applies to Plaintiff's TCPA claim, and recovers $0 for himself and the class.
4. Plaintiff settles with the insurance company for some amount of money up to $4,000,000 for himself and the class. Any such settlement would have to be approved by the Court.

If Plaintiff recovers the full $4,000,000 from Defendant's insurer(s), and each of the 1,700 Class Members returns a claim form, each Class Member will receive, after deduction for attorney's fees and costs and Plaintiff's award, approximately $1,500. Class counsel does not believe all 1,700 class members will return claim form, so the amount each class member receives may exceed $1,500. Given the risks of continuing with the litigation, and the amount potentially recoverable, Class Counsel believes the settlement is fair and reasonable.

## DEFENDANT'S VIEWS ABOUT THE SETTLEMENT

| 16. What is Defendant's view of the settlement? |
| --- |

As stated above, Defendant expressly and vigorously denies that the claims asserted by Plaintiff have merit and denies all allegations of wrongdoing and liability. By settling this lawsuit,

# SECOND NOTICE

Defendant is not admitting that it has done anything wrong, and has agreed to settle this lawsuit to avoid the expense and burden of further litigation.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 17. How do I tell the Court that I don't like the Settlement? |
| --- |

If you're a Class Member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the following name and number of the case: *Cotton v. National Action Financial Services, Inc.*, Case No. 10 CV 4709 (N.D. Ill.), your name, address, telephone number and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18).

You must mail your objection so that it is postmarked no later than _____, 2012 to:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to:

Francis R. Greene (#24546)                    Jeffrey D. Pilgrim
EDELMAN, COMBS, LATTURNER                     Danielle M. Kays
    & GOODWIN, LLC                            GRADY PILGRIM CHRISTAKIS BELL
120 S. LaSalle Street                             LLP
Suite 1800                                    53 W. Jackson Blvd., Suite 1515
Chicago, IL  60603                            Chicago, IL 60604

Be sure to include the name and number of the case.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

# SECOND NOTICE

| 18.  Where and when is the fairness hearing? |
|---|

The Court will hold a fairness hearing on _____, 2012 at _____m. in the courtroom of Magistrate Judge Valdez, Room 1300 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604.  The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for Class Counsel.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

**You are not required to come to the fairness hearing.**

## GETTING MORE INFORMATION

| 19.  How do I get more information? |
|---|

You can call Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the class, at (312) 739-4200, if you have any questions. You can also send an email to info@edcombs.com. **Before doing so, please read this full notice carefully.**

| 20.  What if I have a new address? |
|---|

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case.  However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter with your new address to:

INSERT ADDRESS OF CLAIMS ADMINISTRATOR
STREET
CITY, STATE ZIP

# SECOND NOTICE

---

## PROOF OF CLAIM FORM

**RE:** *Cotton v. National Action Financial Services, Inc.*, Case No.: 10 CV 4709 (N.D. Ill.)

**I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.**

**IMPORTANT:** THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____, 2012 AND MAILED TO THE FOLLOWING ADDRESS IN ORDER TO RECEIVE A SETTLEMENT CHECK:

**INSERT ADDRESS OF CLAIMS ADMINISTRATOR
STREET
CITY, STATE ZIP**

**PLEASE LEGIBLY PRINT** THE FOLLOWING INFORMATION:

**NAME:** _____

**CURRENT MAILING ADDRESS:** _____

_____

IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE AND EXPLAIN WHY YOU SHOULD RECOVER INSTEAD OF THE PERSON TO WHOM THE NOTICE WAS ADDRESSED:

IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE **OLD** ADDRESS HERE:

_____

_____

**SIGNATURE:** _____

QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 24546

# SECOND NOTICE

**DATE:** _____

**EXHIBIT C**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CLEVE COTTON, | ) | |
| on behalf of plaintiff and the class defined below, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | 10-cv-4709 |
| | ) | |
| vs. | ) | Magistrate Judge Valdez |
| | ) | |
| NATIONAL ACTION FINANCIAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the Agreed Motion for Preliminary Approval of

Class Settlement Agreement and Release, the Court having considered the Motion, the parties'

Settlement Agreement and Release and attached exhibits ("Agreement"), other papers filed in this

action, and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1.     The Court finds that the proposed settlement is within the range of fairness and

reasonableness and grants preliminary approval of it.

2.     Solely for purposes of settlement, the following Settlement Class is provisionally

certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons with cellular telephone numbers in the Illinois area codes
> (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or
> 872) who, on or after July 28, 2006, and on or before August 17,
> 2010, received Automated Calls to their cellular telephones from
> Defendant trying to collect an alleged Capital One Bank debt.

3.      The Court appoints Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Francis R. Greene, and the law firm Edelman, Combs, Latturner and Goodwin, LLC, as Class Counsel.

4.      The Court approves the proposed form of notice to the Settlement Class, and directs that notice be implemented in accordance with the Agreement.

5.      The Court finds that the notice proposed in paragraph 2.8 of the Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6.      Class Members shall have eighty-eight (88) days from the date of this Order to send in a claim form, opt out or object to the proposed Agreement.

7.      Any Class Member who wants to receive a monetary portion of the Settlement Fund shall submit a Claim Form, which will be mailed with the Class Notices.  To be timely, a fully completed Claim Form must be sent to the Settlement Administrator (address for which will be provided on the Claim Form) and postmarked within eighty-eight (88) days of the date of this Order.

8.      Any Class Member who desires to exclude himself or herself from the Settlement Class shall not be bound by the Agreement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must be sent to Class Counsel and Defendant's Counsel (address for which will be provided on the Claim Form) eighty-eight (88) days from the date of this Order.

9.      The request for exclusion must contain the excluded Class Member's name, address, and signature.

10.     Any Class Member who objects to the settlement contemplated by the Agreement shall have a right to appear and be heard at the Final Approval Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's counsel a written notice of objection together with a statement of reasons for the objection, postmarked no later than eighty-eight (88) days from the date of this Order.  Class Counsel and Defendant's counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than five (5) days prior to the Final Approval Hearing.

11.     A Final Approval Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on _____ at _____a.m./p.m.


SO ORDERED this _____ day of _____, 2012.


_____
The Honorable Maria Valdez
United States District Court Magistrate Judge

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVE COTTON, | ) | |
| on behalf of plaintiff and the class defined | ) | |
| below, | ) | |
| | ) | |
| Plaintiff, | ) | 10-cv-4709 |
| | ) | |
| vs. | ) | Magistrate Judge Valdez |
| | ) | |
| NATIONAL ACTION FINANCIAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] FINAL APPROVAL ORDER**

This matter comes before the Court on the joint request of Plaintiff, the Class Members and Defendant for final approval of the class settlement set forth in the Settlement Agreement and Release ("Settlement Agreement"), due notice having been given, and the Court having considered the Settlement Agreement, the papers submitted to the Court and the proceedings to date, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Court, for purposes of this Final Approval Order (the "Order"), adopts all defined terms as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this Lawsuit, the Class Representative, the Class Members and Defendant.

3.      On _____, 2012, the Court preliminarily approved the Settlement Agreement reached between Cleve Cotton and NA Liquidating Company, Inc. f/k/a National Action Financial Services, Inc. The Court approved the form of notice for mailing to the Class. The Court is informed that actual notice of the settlement was sent by first-class mail to _____ Class Members. A total of _____ envelopes were returned by the United States Postal Service

marked not deliverable with no forwarding address available, and _____ envelopes were returned and re-mailed to a forwarding address. _____ Class Members requested exclusions, and \_\_\_\_\_ objections were filed or received. A total of \_\_\_\_\_ Class Members submitted a claim form.

4.      The Court finds that notice was given to the Class pursuant to paragraph 2.8 of the Settlement Agreement. The Court further finds that the dissemination of notice pursuant to paragraph 2.8 of the Settlement Agreement, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of due process pursuant to the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law.

5.      In accordance with the notice provided to the Class, a hearing was held on _____, 2012, to determine whether the settlement set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate, and all interested persons were given an opportunity to be heard.

6.      The Court now finds that the settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate, and made in good faith and at arms-length, and the Court hereby approves the settlement. The Parties are directed to perform in accordance with the terms and provisions set forth in the Settlement Agreement, and the Settlement Agreement is hereby incorporated into and adopted as part of this Order.

7.      Solely for purposes of this settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons with cellular telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after July 28, 2006, and on or before August 17, 2010, received Automated Calls to their cellular

telephones from Defendant trying to collect an alleged Capital One Bank debt.

8.      The persons identified in Appendix A hereto requested exclusion from the Class, and the Parties agree that those persons have validly requested exclusion.  All remaining Class Members, including Plaintiff, are bound by this Order and by the Settlement Agreement and the settlement embodied therein, including the Covenant not to Execute contained in the Agreement and in this Order.

9.      Pursuant to the terms of the Settlement Agreement, judgment is hereby entered against Defendant in the amount of $4,000,000.  However, as provided in the Settlement Agreement, this judgment is enforceable only against the proceeds of the insurance policies issued by Defendant's Insurer(s); and in particular, Plaintiff, the Class Members, and Class Counsel shall not enforce or seek to enforce this judgment against Defendant or Defendant Releasees or against any of Defendant's or Defendant Releasees' assets.  Plaintiff, the Class Members, and Class Counsel shall not record the judgment and shall not to refer to it without also referring to the Settlement Agreement, the Court's Preliminary Approval Order, and this Order.

10.     Pursuant to the terms of the Settlement Agreement, Defendant's rights, title, and interests in (a) insurance policy number EON G24066496 002 (effective April 1, 2010 through April 1, 2011) issued by Illinois Union Insurance Company and (b) insurance policy number 8211-5659 (effective April 1, 2010 through April 1, 2011) issued by Chubb Group/Executive Risk Indemnity Inc. as they relate to and for the claims asserted against Defendant in the Lawsuit and Defendant's tender of those claims to Illinois Union Insurance Company are assigned by Defendant to Plaintiff on behalf of the Class, represented by Class Counsel.

11.     Plaintiff's recovery of all or any portion of the judgment from Defendant's Insurer(s) shall comprise the Settlement Fund, which shall be disbursed as follows:

      a.     Payment to Class Counsel of one-third (1/3) of the Settlement Fund for reasonable attorneys' fees and costs;

      b.     Payment to Plaintiff of $20,000 of the remaining Settlement Fund for his individual claim and in recognition of his services as the Class Representative;

      c.     Payment to each Class Member who submitted a claim form in an amount equal to his or her *pro rata* share of the Settlement Fund remaining after deducting the amounts set forth in subparagraphs (a) and (b) above. Such payments will be made by check which will be void sixty (60) days after issuance; and

      d.     Any amounts remaining in the Settlement Fund after payments are made as set forth in subparagraphs (a), (b), and (c) above and after the void date for the checks shall be returned to Defendant Insurer(s).

12.     Plaintiff shall file a Satisfaction of Judgment related to the judgment entered against Defendant above upon the first of the following to occur: (i) receiving payment of the judgment or any lesser amount he agrees to take in litigation or negotiation with Defendant's Insurer(s); (ii) receiving a decision adverse to Plaintiff in the coverage claim against Defendant's Insurer(s) that is no longer subject to review; or (iii) deciding to abandon his efforts to pursue this matter. If Plaintiff fails to file a Satisfaction of Judgment within a reasonable time, Defendant, as authorized by Plaintiff under the Settlement Agreement, may file such Satisfaction of Judgment on Plaintiff's behalf.

13.     The Settlement Agreement, the settlement contained therein, and any act performed or document executed related to the Settlement Agreement or settlement (a) do not and shall not be deemed to constitute an admission by Defendant or Defendant's Releasees, and (b) shall not be admissible in any lawsuit, administrative action or any judicial or administrative proceeding to show, demonstrate, evidence or support a contention that Defendant or Defendant

Releasees acted illegally, improperly or in breach of law, contract, ethics or proper conduct. In this regard, it is acknowledged by the Court and the Parties that Defendant and Defendant's Releasees' deny any liability to Plaintiff and the Class Members whatsoever.

14.     Plaintiff and all other Class Members (except those persons identified in Appendix A hereto) are barred and permanently enjoined from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant or Defendant's Releasees based on any claim released in the Settlement Agreement.

15.     Except as otherwise provided in this Order or in the Settlement Agreement, the Parties shall bear their own attorneys' fees and costs.

16.     The Court reserves exclusive and continuing jurisdiction and venue over the Lawsuit for the purposes of supervising the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement and the judgment entered as part of this Order, including any settlement of any claims against Defendant's Insurer(s).  The Court further retains the right to question the distribution of the Settlement Fund, including any payments to Plaintiff and Class Counsel pursuant to the Settlement Agreement.


SO ORDERED this ____ day of _____, 2012.


_____
The Honorable Maria Valdez
United States District Court Magistrate Judge