IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVE COTTON, | ) | |
| on behalf of plaintiff and the class defined | ) | |
| below, | ) | |
| | ) | |
| Plaintiff, | ) | 10-cv-4709 |
| | ) | |
| vs. | ) | Magistrate Judge Valdez |
| | ) | |
| NATIONAL ACTION FINANCIAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL APPROVAL ORDER**

This matter comes before the Court on the joint request of Plaintiff, the Class Members and

Defendant for final approval of the class settlement set forth in the Settlement Agreement and

Release ("Settlement Agreement"), due notice having been given, and the Court having considered

the Settlement Agreement, the papers submitted to the Court and the proceedings to date, **IT IS**

**HEREBY ORDERED AS FOLLOWS**:

1.      The Court, for purposes of this Final Approval Order (the "Order"), adopts all defined

terms as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this Lawsuit, the Class

Representative, the Class Members and Defendant.

3.      On May 3, 2012, the Court preliminarily approved the Settlement Agreement reached

between Cleve Cotton and NA Liquidating Company, Inc. f/k/a National Action Financial Services,

Inc. The Court approved the form of notice for mailing to the Class. The Court is informed that

actual notice of the settlement was sent by first-class mail to 1,725 Class Members. A total of 419

envelopes were returned by the United States Postal Service marked not deliverable with no

forwarding address available, and 42 envelopes were returned and re-mailed to a forwarding address. No Class Members requested exclusions, and no objections were filed or received. A total of 276 Class Members submitted a claim form.

4.      The Court finds that notice was given to the Class pursuant to paragraph 2.8 of the Settlement Agreement.  The Court further finds that the dissemination of notice pursuant to paragraph 2.8 of the Settlement Agreement, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of due process pursuant to the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law.

5.      In accordance with the notice provided to the Class, a hearing was held on September 13, 2012, to determine whether the settlement set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate, and all interested persons were given an opportunity to be heard.

6.      The Court now finds that the settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate, and made in good faith and at arms-length, and the Court hereby approves the settlement.  The Parties are directed to perform in accordance with the terms and provisions set forth in the Settlement Agreement, and the Settlement Agreement is hereby incorporated into and adopted as part of this Order.

7.      Solely for purposes of this settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons with cellular telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after July 28, 2006, and on or before August 17, 2010, received Automated Calls to their cellular telephones from Defendant trying to collect an alleged Capital One Bank debt.

8.     Class Members, including Plaintiff, are bound by this Order and by the Settlement Agreement and the settlement embodied therein, including the Covenant not to Execute contained in the Agreement and in this Order.

9.     Pursuant to the terms of the Settlement Agreement, judgment is hereby entered against Defendant in the amount of $4,000,000.  However, as provided in the Settlement Agreement, this judgment is enforceable only against the proceeds of the insurance policies issued by Defendant's Insurer(s); and in particular, Plaintiff, the Class Members, and Class Counsel shall not enforce or seek to enforce this judgment against Defendant or Defendant Releasees or against any of Defendant's or Defendant Releasees' assets.  Plaintiff, the Class Members, and Class Counsel shall not record the judgment and shall not to refer to it without also referring to the Settlement Agreement, the Court's Preliminary Approval Order, and this Order.

10.     Pursuant to the terms of the Settlement Agreement, Defendant's rights, title, and interests in (a) insurance policy number EON G24066496 002 (effective April 1, 2010 through April 1, 2011) issued by Illinois Union Insurance Company and (b) insurance policy number 8211-5659 (effective April 1, 2010 through April 1, 2011) issued by Chubb Group/Executive Risk Indemnity Inc. as they relate to and for the claims asserted against Defendant in the Lawsuit and Defendant's tender of those claims to Illinois Union Insurance Company are assigned by Defendant to Plaintiff on behalf of the Class, represented by Class Counsel.

11.     Plaintiff's recovery of all or any portion of the judgment from Defendant's Insurer(s) shall comprise the Settlement Fund, which shall be disbursed as follows:

      a.     Payment to Class Counsel from the Settlement Fund for reasonable attorneys' fees and costs (in an amount not to exceed one-third (1/3) of the Settlement Fund);

      b.      Payment to Plaintiff of $20,000 of the remaining Settlement Fund for his individual claim and in recognition of his services as the Class Representative;

      c.      Payment to each Class Member who submitted a claim form in an amount equal to his or her pro rata share of the Settlement Fund remaining after deducting the amounts set forth in subparagraphs (a) and (b) above. Such payments will be made by check which will be void sixty (60) days after issuance; and

      d.      Any amounts remaining in the Settlement Fund after payments are made as set forth in subparagraphs (a), (b), and (c) above and after the void date for the checks shall be returned to Defendant Insurer(s).

12.      Plaintiff shall file a Satisfaction of Judgment related to the judgment entered against Defendant above upon the first of the following to occur: (i) receiving payment of the judgment or any lesser amount he agrees to take in litigation or negotiation with Defendant's Insurer(s); (ii) receiving a decision adverse to Plaintiff in the coverage claim against Defendant's Insurer(s) that is no longer subject to review; or (iii) deciding to abandon his efforts to pursue this matter. If Plaintiff fails to file a Satisfaction of Judgment within a reasonable time, Defendant, as authorized by Plaintiff under the Settlement Agreement, may file such Satisfaction of Judgment on Plaintiff's behalf.

13.      The Settlement Agreement, the settlement contained therein, and any act performed or document executed related to the Settlement Agreement or settlement (a) do not and shall not be deemed to constitute an admission by Defendant or Defendant's Releasees, and (b) shall not be admissible in any lawsuit, administrative action or any judicial or administrative proceeding to show, demonstrate, evidence or support a contention that Defendant or Defendant Releasees acted illegally, improperly or in breach of law, contract, ethics or proper conduct. In this regard, it is acknowledged by the Court and the Parties that Defendant and Defendant's Releasees' deny any liability to Plaintiff and the Class Members whatsoever.

14.     Plaintiff and all other Class Members are barred and permanently enjoined from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant or Defendant's Releasees based on any claim released in the Settlement Agreement.

15.     Except as otherwise provided in this Order or in the Settlement Agreement, the Parties shall bear their own attorneys' fees and costs.

16.     The Court reserves exclusive and continuing jurisdiction and venue over the Lawsuit for the purposes of supervising the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement and the judgment entered as part of this Order, including any settlement of any claims against Defendant's Insurer(s). The Court further retains the right to question the distribution of the Settlement Fund, including any payments to Plaintiff and Class Counsel pursuant to the Settlement Agreement.

SO ORDERED this 18th day of September, 2012.

_____
The Honorable Maria Valdez
United States District Court Magistrate Judge