IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEVE COTTON, TWANITA TURNER, on behalf of plaintiff and the class defined below, | ) ) ) ) | |
| Plaintiff, | ) ) | 10-cv-4709 |
| vs. | ) ) | Magistrate Judge Valdez |
| NATIONAL ACTION FINANCIAL SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

This matter coming before the Court on the motion of plaintiff, Twanita Turner, individually and on behalf of the Class, for an order (1) approving the compromise of the $4 million judgment herein for $595,000 actual cash to be paid by Illinois Union Insurance Company ("Illinois Union"), (2) approving the proposed distribution of the funds set forth below, and (3) requiring payment by Illinois Union, due notice having been given, and the Court having considered the Settlement Agreement and Release (the "Settlement Agreement"), the papers submitted to the Court and the proceedings to date,

**IT IS HEREBY ORDERED:**

1. The Court approves the compromise of the $4 million judgment for $595,000 actual cash as fair and reasonable.

2. The Court approves distribution of the $595,000 as follows:

    a. Payment of $5,000 to plaintiff Twanita Turner for her services as class representative;

    b. Payment of $20,000 to Brandy James as independent administrator of the estate of Cleve Cotton, for Mr. Cotton's services as class representative;

  c. Payment of $371,667 to 267 class members who submitted claim forms ("the Class") in response to notice of the original settlement between plaintiff Cleve Cotton and NA Liquidating Company, Inc. f/k/a National Action Financial Services, Inc. ("NA Liquidating");

  d. Payment of $198,333 to Class Counsel for their services to plaintiff and the Class.

3. On December 18, 2013 in open court, and by order entered on January 8, 2014, the Court approved the sending of supplemental notice by first class mail to the Class. The Court has received no objections to the Settlement Agreement. The Court finds that the form of supplemental notice sent to the Class constituted the best practicable notice under the circumstances and fully met the requirements of due process pursuant to the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

4. The late claim form of Calvette L. Wren is allowed and Calvette L. Wren is permitted to receive a pro rata share of the settlement proceeds.

5. The pro rata share of any class member who cannot be located or who fails to cash his or her check reverts to Illinois Union.

6. In accordance with the notice provided to the Class, a hearing was held on January 22, 2014, to determine whether the settlement between plaintiff and Illinois Union set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate, and all interested persons were given an opportunity to be heard.

7. The Court now finds that the settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate, and made in good faith and at arms-length, and the Court hereby approves the settlement. The Parties are directed to perform in accordance with the terms and provisions set forth in the Settlement Agreement, and the Settlement Agreement is hereby incorporated into and adopted as part of this Order.

8.      Plaintiff Twanita Turner, Brandy James, both individually and as independent administrator of the estate of Cleve Cotton, the Class, Illinois Union, NA Liquidating, and Sitel Worldwide Corporation are bound by this Order and by the Settlement Agreement and the settlement embodied therein.

9.      Plaintiff shall file a Satisfaction of Judgment related to the judgment previously entered in this matter against Defendant NA Liquidating, Inc. f/k/a National Action Financial Services, Inc., within ten (10) days of receipt by Class Counsel of payment of $595,000 by Illinois Union.

10.     The Court reserves exclusive and continuing jurisdiction and venue over the Lawsuit for the purposes of supervising the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement and the judgment entered as part of this Order.  The Court further retains the right to question the distribution of the Settlement Fund, including any payments to Plaintiff and Class Counsel pursuant to the Settlement Agreement.

11.     Class Counsel shall file an accounting of the distribution of the settlement funds within 120 days of the entry of this order. No later than ten business days thereafter, Class Counsel shall file a stipulation, dismissing this matter with prejudice.

SO ORDERED this  4  day of   February  , 2014.

*Maria Valdez*

_____
The Honorable Maria Valdez
United States District Court Magistrate Judge

3